# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

March 18, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**FERLIN T. CARPENTER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0193**  (BOR Appeal No. 2046242)
(Claim No. 980054242)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**AUSTIN CONSTRUCTION COMPANY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Ferlin T. Carpenter, by Gregory Sproles, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2012, in which the Board affirmed an August 12, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 8, 2010, decision denying Mr. Carpenter's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

This Court notes that the record provided on appeal in support of Mr. Carpenter's request for a permanent total disability award is exceedingly limited. On December 8, 2010, the claims administrator denied Mr. Carpenter's request for a permanent total disability award based on a finding that he failed to meet the requisite 50% whole person impairment threshold. In its Order affirming the December 8, 2010, claims administrator's decision, the Office of Judges held that a preponderance of the evidence does not establish that Mr. Carpenter has met the requisite 50% whole person impairment threshold pursuant to West Virginia Code § 23-4-6(n)(1) (2005). On appeal, Mr. Carpenter asserts that he is entitled to a permanent total disability award because he has amassed more than 50% in prior permanent partial disability awards.

Pursuant to West Virginia Code § 23-4-6(n)(1), in order to apply for a permanent total disability award, a claimant must have been awarded a sum totaling 50% in permanent partial disability awards or 35% in statutory awards; after meeting this requirement, the Permanent Total Disability Review Board must evaluate the claimant and make a finding that he has sustained a 50% or more whole person impairment or 35% in statutory disability awards in order to be eligible for further consideration of a permanent total disability award.

The Office of Judges found that Mr. Carpenter has received 52% in prior permanent partial disability awards, and therefore was eligible for further consideration of permanent total disability benefits. The Office of Judges then found that upon said further consideration, pursuant to West Virginia Code § 23-4-6(n)(1), the Permanent Total Disability Review Board concluded that Mr. Carpenter has 27% whole person impairment. The Office of Judges found that based upon the Permanent Total Disability Review Board's conclusions, Mr. Carpenter has failed to meet the requisite 50% whole person impairment threshold. The Office of Judges noted that Mr. Carpenter relies on the fact that he has received 52% in prior permanent partial disability awards. However, the Office of Judges took care to explain that 52% in prior awards does not necessarily equate with 52% whole person impairment. The Board of Review reached the same reasoned conclusions in its decision of January 23, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II